IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:06CV38-2-MU

```
CARL EDWARD WILEY,           )
      Plaintiff,             )
                             )
      v.                     )
                             )
STATE OF NORTH CAROLINA;     )
28TH JUDICIAL DISTRICT,      )
   GENERAL COURT OF JUS-     )
   TICE, CRIMINAL DIVISION)
DISTRICT AND SUPERIOR        )
   COURTS;                   )
DISTRICT ATTORNEY CHRIS      )
   HESS;                     )
PUBLIC DEFENDER CALVIN       )         O R D E R
 HILL;                       )
D.T. SHEEHAN, Asheville      )
   Police Department; and    )
T.J. JONES, Asheville        )
   Police Department,        )
_____)
```

**THIS MATTER** comes before the Court on initial review of the plaintiff's general civil rights Complaint, filed February 13, 2006. Upon careful consideration by the Court, for the reasons set forth herein, the plaintiff's Complaint will be <u>dismissed</u> in its entirety.

This lawsuit appears to have been filed on the basis of certain circumstances which allegedly have taken place during the course of the plaintiff's State court arrest and ongoing prosecution for the kidnapping and assault of his "wife." Although it is not altogether clear from the plaintiff's redundant,

oftentimes rambling 35-page Complaint, he seems to be complaining that his rights have been and/or are being violated: 1) by virtue of the defendant police officers having obtained a statement from his wife/victim on the night of his arrest, despite her obvious intoxication; 2) by the prosecutor's reliance upon that statement as support for his prosecution, and the prosecutor's refusal to allow the victim to retract her statement; 3) by his pre-trial detention which has been ongoing since July 2005; 4) by his defense attorney's refusal to allow him to appear at his probable cause hearing; and 5) by the State's refusal to dismiss the charges against him.

Suffice it to say, however, the plaintiff is not entitled to any relief on the foregoing claims. Therefore, this Complaint must be <u>dismissed</u>.

First, it goes without saying that the North Carolina Court system cannot properly be named as a party in an action like this. Therefore, this action cannot be maintained against that entity. <u>See generally</u> <u>Avery v. County of Burke</u>, 660 F.2d 111, 113-14 (4th Cir. 1981).

Second, neither a prosecutor nor a private defense attorney is amenable to suit under 28 U.S.C. §1983 on allegations such as the ones made here. <u>Hall v. Quillen</u>, 631 F.2d 1154 (4th Cir. 1980)(affirming dismissal of 42 U.S.C. §1983 action against court-appointed attorney as lacking "state action" and therefore

failing to state a claim); and <u>Deas v. Potts</u>, 547 F.2d 800 (4th Cir. 1976) (affirming dismissal of 42 U.S.C. §1983 action against retained counsel). Thus, this Complaint cannot be maintained against those two individuals.

Third, the plaintiff has failed to state a claim for relief as against the two named police officers. That is, there simply is no law which prohibits police from taking a statement from a victim who appears, at least to the defendant, to be intoxicated.

More critically, inasmuch as it appears from the plaintiff's Complaint that his prosecution is ongoing, even if he had stated a claim for relief, this Court still would have to abstain from resolving any such claim. See <u>Younger v. Harris</u>, 401 U.S. 37 (1971).

Based upon the foregoing, then, the instant Complaint is hereby **DISMISSED** in its entirety.

**SO ORDERED.**

Signed: February 24, 2006

Graham C. Mullen
United States District Judge

3